IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KNIGHT, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00922 |
| ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| ) | |
| Defendant. ) | |

**INITIAL CASE MANAGEMENT ORDER**

    **A.**     **JURISDICTION AND VENUE**: The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 because the matter in controversy arises under the Constitution of the United States. Jurisdiction is not disputed. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District and because the acts and events giving rise to the Complaint occurred or will occur in this District.

    **B.**     **BRIEF THEORIES OF THE PARTIES**: Plaintiffs filed this civil rights lawsuit challenging Defendant's ("Metro's") sidewalk ordinance, found at Metro Code § 17.20.120 *et seq*, as an unconstitutional permit condition that unjustly enriched Metro.

    1)     PLAINTIFFS: Metro's sidewalk ordinance conditions receipt of building permits for single- or two-family homes on the property owner's agreement to construct public sidewalks for Metro or pay in-lieu fees into Metro's Pedestrian Benefit Fund. By conditioning permits on property owners' willingness to surrender their Fifth Amendment right to just compensation for takings, Metro's sidewalk ordinance violates the unconstitutional conditions doctrine. There is no

nexus between the condition to build or pay for sidewalks and any alleged harm resulting from building a single-family home. And because there is no consideration at all of an individual property's impact on sidewalks before the condition is applied, there is also no consideration of whether the costs of compliance are roughly proportional to any impact created by a particular property. Defendant's sidewalk requirement fails the test developed by the Supreme Court in *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987) and *Dolan v. City of Tigard*, 512 U.S. 372 (1994)

The payment of the in-lieu fee unjustly enriches Metro. Because Metro has acquired and/or is in possession of funds that it is not entitled to retain, Metro appreciated, and will continue to appreciate, the benefits from payment of an in-lieu fee by accepting payment with the intention that it be used to fund city infrastructure.

2)  DEFENDANT: The Metropolitan Government disputes liability in this case, and Plaintiffs are not entitled to any relief. BL2019-1659 is a duly-enacted ordinance of general applicability that does not constitute an exaction or unconstitutional taking of any kind. Nor can Plaintiffs establish the elements of unjust enrichment or that they are entitled to any relief under such a theory. Moreover, even if Plaintiffs were entitled to relief under any theory of liability, they are not entitled to the specific relief they seek.

C.  **ISSUES RESOLVED**: Jurisdiction and venue.

D.  **ISSUES STILL IN DISPUTE**:

1)  Whether Metro's sidewalk law imposes an unconstitutional permit condition that required and would requires Plaintiffs' to agree to surrender property without compensation.

2)  Whether Metro was or will be unjustly enriched by requiring Plaintiffs to comply with the sidewalk law.

E.  **INITIAL DISCLOSURES**:

1) The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 19, 2021.

2) All pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be completed on or before 45 days in advance of trial.

F.  **DISCOVERY**: The parties shall complete all written discovery on or before June 4, 2021. All fact witnesses shall be deposed on or before July 2, 2021. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.  **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before March 5, 2021.

H.  **DISCLOSURE OF EXPERTS**: Plaintiffs shall identify and disclose all expert witnesses and reports on or before August 2, 2021. Defendant shall identify and disclose all expert witnesses and reports on or before September 3, 2021.

I.  **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before October 4, 2021.

J.  **JOINT MEDIATION REPORT**: The parties agree that this is not an appropriate case for mediation.

K.  **DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before September 1, 2021. Responses to dispositive motions shall be filed within twenty-eight (28) days after the filing of the motion,. Optional replies may be filed within fourteen (14) days after the filing of the response.

Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. **ELECTRONIC DISCOVERY**: The parties are working towards an agreement on electronic discovery and need not be governed by the administrative order governing electronic discovery (Administration Order No. 174-1).

M. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The parties expect the bench trial to last approximately two (2) days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

  s/ B.H. Boucek
BRADEN H. BOUCEK
Attorney for Plaintiffs


  s/ Allison Bussell
ALLISON BUSSELL
Attorney for Defendant