IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KNIGHT AND JASON MAYES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00922 |
| | ) Judge Trauger |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY

The Metropolitan Government of Nashville and Davidson County, Tennessee hereby gives NOTICE of supplemental authority relevant to the pending cross-motions for summary judgment: the recently published opinion in *F.P. Development, LLC v. Charter Twp. of Canton, Mich.*, Case Nos. 20-1447/1466, 2021 WL 4771734 (6th Cir. Oct. 13, 2021) (Exhibit 1).

Plaintiffs cited the trial court ruling in *F.P. Development*, 456 F. Supp. 3d 879 (E.D. Mich. 2020), in response to the Metropolitan Government's motion for summary judgment as one that found "an unconstitutional exaction, even though the condition was imposed through legislation." (Doc. No. 29 at 2-3.) The Metropolitan Government then noted in its reply (Doc. No. 35 at 4) that the question of whether the essential nexus and rough proportionality test prescribed in *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994), applies to legislative exactions was not litigated in *F.P. Development*.

The Sixth Circuit ruled on the *F.P. Development* appeal on October 13, 2021. The Court declined to address the "interesting question" of whether *Nollan/Dolan* governed the

application of a tree replacement ordinance, instead applying *Nollan/Dolan* only because the parties requested no other standard:

> There is an interesting question whether Canton's application of the Tree Ordinance to F.P. falls into the category of government action covered by *Nollan*, *Dolan*, and *Koontz*. But the parties do not raise it. And we decline to do so on our own accord. So we proceed, as the parties request, and apply the essential nexus and rough proportionality test provided in those cases.

*F.P. Development*, 2021 WL 4771734 at *5.

Thus, the Sixth Circuit remains silent on whether the *Nollan/Dolan* standard of review applies to both adjudicative and legislative exactions.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/John W. Ayers*
ALLISON L. BUSSELL (#23538)
JOHN W. AYERS (#37494)
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
allison.bussell@nashville.gov
will.ayers@nashville.gov

*Counsel for the Metropolitan Government*

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded by electronic mail and the electronic filing system to:

| | |
|---|---|
| Meggan S. Dewitt | Braden H. Boucek |
| Beacon Center | Kimberly S. Hermann |
| 201 4th Ave. N., Suite 1820 | Cece O'Leary |
| Nashville, TN 37219 | Southeastern Legal Foundation |
| | 560 West Crossville Road, Suite 104 |
| | Roswell, GA 30075 |

on this the 19th day of October, 2021.

                                                */s/John W. Ayers*
                                                John W. Ayers