IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KNIGHT, JASON MAYES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00922 |
| ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT ) | Magistrate Judge Holmes |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit the recently released opinion of *F.P. Dev., LLC, v. Charter Township of Canton*, -- F.3d – Nos. 20-1447/1466 (6th Cir. Oct. 13, 2021) (slip op. attached) as supplemental authority. In *Canton*, the Sixth Circuit ruled that conditioning a tree removal permit on property owners planting new trees or paying an in-lieu fee was an unconstitutional exaction, even though the condition was imposed by legislation. Slip op. at 6. *Canton* is relevant for two reasons.

First, Metro argued on October 11, 2021 that "the Sixth Circuit has never applied the [unconstitutional conditions] doctrine to a legislative exaction in the takings context." (Doc. 35 at 3.) On October 13, 2021, the Sixth Circuit applied the unconstitutional conditions doctrine to a legislative exaction in the takings context, in a published decision. *See Canton*, slip op. at 12 ("Canton's Tree Ordinance, as applied to F.P., fails rough proportionality and is thus an unconstitutional condition under *Nollan*, *Dolan*, and *Koontz*.").

Metro is correct (Doc. 38) that the court did not address the "interesting question" of whether the tree ordinance fell "into the category of government action covered by *Nollan*, *Dolan*, and

1

*Koontz*," but only because the parties did not raise it. Slip op. at 9. It remains the case that court applied the unconstitutional conditions doctrine to a condition imposed by legislation, and Metro has failed to show an instance where any court in the Sixth Circuit accepted its misguided understanding of the law. The fact that neither party raised the distinction throughout the course of litigation underscores the fact that the so-called distinction is not all that Metro makes it out to be.

Second, Metro contends that it has met the requirement of rough proportionality required by the Supreme Court in *Dolan*. (Doc. 26 at 7-15.) *Canton* demonstrates that Metro has not met the requisite showing of an *individualized* determination. Slip op. at 10 ("But *Dolan* requires more.") The court's explanation of how the city of Canton failed to show proportionality is directly applicable to Metro's argument that its rejection of Plaintiffs' request to vary from the sidewalk condition satisfies *Dolan*:

> Canton has pointed to nothing indicating, for example, that F.P.'s tree removal effects a certain level of environmental degradation on the surrounding area. Nor does it demonstrate whether it considered that F.P.'s clearing of the clogged ditch on its property or its removal of dead trees may have improved the surrounding environment. …
>
> That a representative from Canton went to F.P.'s property to count and categorize the trees F.P. cut down does not alter our conclusion. And the "individualized assessment" that Canton points to in the ordinance relates to the initial review of a permit application, not to the proportionality of the mitigation requirements. *See* Canton Code of Ordinances Art. § 5A.05(F). According to Canton's own representative, F.P.'s removal of regulated trees triggers the mitigation requirements, regardless of the specific impact caused by their removal. Canton has not made the necessary individualized determination here.

Slip op. at 10-11.

Dated: <u>October 20, 2021</u>.	Respectfully submitted,

                                                                  s/ B. H. Boucek
                                                               BRADEN H. BOUCEK
                                                               TN BPR No. 021399
                                                               GA Bar No. 396831

KIMBERLY HERMANN*<br>
GA Bar No. 646473<br>
Southeastern Legal Foundation<br>
560 West Crossville Road, Suite 104<br>
Roswell, GA 30075<br>
Telephone: 770/977.2131<br>
bboucek@southeasternlegal.org<br>
khermann@southeasternlegal.org<br>
<br>
*Appearing Pro Hac Vice<br>
<br>
Counsel for plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following persons by the following mean(s) on the following date:

| Counsel | Counsel for | Via |
|---|---|---|
| Allison Bussell<br>Will Ayers<br>Metropolitan Courthouse<br>Ste. 108<br>P.O. Box 196300<br>Nashville, TN 37219-6300<br>615/862.6341<br>Allison.Bussell@nashville.gov<br>Will.ayers@nashville.gov | Defendant | ☐United States mail, postage prepaid<br>☐Hand delivery<br>☐Fax<br>☐Email<br>☐FedEx<br>☒Efile |
| Meggan DeWitt<br>1200 E Clinton St. #205<br>Nashville, TN 37203<br>(o) (615) 383-6431<br>meggan@beacontn.org | Plaintiffs | ☐United States mail, postage prepaid<br>☐Hand delivery<br>☐Fax<br>☐Email<br>☐Fed Ex<br>☒Efile |

On this date: <u>October 20, 2021</u>.

    s/ B. H. Boucek<br>
BRADEN H. BOUCEK